UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. PHILLIPS, AS LIQUIDATING TRUSTEE FOR COMMAND ARMS ACCESSORIES, LLC 780 Haunted Lane Bensalem, PA 19020,<br><br>            Plaintiff,<br>v.<br><br>TDI Lakota Holdings LLC 2441 Lakota Craft Rapid City, SD 57701,<br><br>and<br><br>Mr. David Oz Rapid City, SD 57701,<br><br>            Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  CIV.A. NO. 2:10-cv-00782-LDD<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' ANSWER TO THE COMPLAINT
OF EDWARD A. PHILLIPS AS LIQUIDATING TRUSTEE FOR
COMMAND ARMS ACCESSORIES, LLC**

Defendants, TDI Lakota Holdings LLC ("TDI-LH") and David Oz ("OZ"), by their undersigned attorneys, make the following answers to the Complaint of Plaintiff's Edward A. Phillips, as liquidating trustee for Command Arms Accessories, LLC. ("CCA"):

**Nature of the Action**

1. Defendants admit that CAA through its Court-appointed Trustee brings this action against Defendants seeking injunctive relief and monetary damages to remedy and prevent Defendants' past, present and anticipated future disparaging misrepresentations

as well as Defendants' diversion of CAA customers and business opportunities, which conduct CAA alleges constitutes (a) violation of the Lanham Act, including false advertising; (b) commercial disparagement; (c) tortuous interference with contractual and business relations; and (d) unfair competition. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation, and accordingly deny each such allegation on that basis.

## The Parties

2. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation, and accordingly deny each such allegation on that basis. Defendants admit that a copy of a Stipulation and consent Order of November 2, 2009 is attached to the Complaint as Exhibit "A."

3. Defendants admit that TDI-LH was a South Dakota corporation with a principal place of business located at 2441 Dakota Craft (not Lakota) Drive, Rapid City, South Dakota 57701 and that TDI-LH manufactured and distributed firearms accessories. TDI-LH was terminated as a South Dakota corporation on July 22, 2010, and no longer exists. (See Exhibit A, attached.)

4. Admitted that David Oz is an Israeli citizen. Denied that he is a resident of Rapid City, South Dakota.

## Jurisdiction and Venue

5. Defendants admit that the Complaint purports to assert causes of action arising under the Lanham Act, 15 U.S.C. §§1121 and 1125(a). The remaining averments in Paragraph 5 constitute legal conclusions to which no answer is necessary and none is given. To the extent that any further answer may be required, Defendants are without

knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 5, and accordingly deny each such allegation on that basis.

6. The averments in Paragraph 6 constitute legal conclusions to which no answer is necessary and none is given.

7. The averments in Paragraph 7 constitute legal conclusions to which no answer is necessary and none is given. To the extent that an answer may be required, the remaining averments are denied.

8. Defendants admit that the Complaint seeks injunctive relief, including temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 65.

## Facts

### Background of CAA and Appointment of Trustee

9 – 20. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraphs 9 – 20, and accordingly deny each such allegation on that basis.

### Defendants' Conduct

21. Denied

22. Denied

23. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraphs 22, and accordingly deny each such allegation on that basis.

24. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 24, and accordingly deny each such allegation on that basis.

25. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 25, and accordingly deny each such allegation on that basis.

26. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 26, and accordingly deny each such allegation on that basis.

27. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 27, and accordingly deny each such allegation on that basis.

28. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 28, and accordingly deny each such allegation on that basis.

29. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every such allegation in Paragraph 29, and accordingly deny each such allegation on that basis.

30. Denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 31, and accordingly deny each such allegation on that basis.

32. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 32, and accordingly deny each such allegation on that basis.

33. Denied.

34. Defendant OZ denies each and every allegation of Paragraph 34.

35. Defendant OZ denies knowledge of the video and is without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in Paragraph 35, and accordingly deny each such allegation on that basis.

## Count One

## False Advertising in Violation of Lanham Act § 43(a)

36. In response to paragraph 36, Defendants adopt and incorporate herein their responses to Paragraphs 1 – 35 of the Complaint.

37. As to the factual allegation of Paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in Paragraph 37, and accordingly deny each such allegation on that basis. As for the remaining allegations of Paragraph 37, these constitute legal conclusions to which no answer is necessary and none is given.

38. As to the factual allegation of Paragraph 38, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in Paragraph 38, and accordingly deny each such allegation on that basis. As for the remaining allegations of Paragraph 38, these constitute legal conclusions to which no answer is necessary and none is given.

39. Denied.

40. Defendants deny any illegal conduct. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in Paragraph 40, and accordingly deny each such allegation on that basis.

## Count Two

## Commercial Disparagement

41. In response to paragraph 41, Defendants adopt and incorporate herein their responses to Paragraphs 1 –40 of the Complaint.

42. Defendants deny any false communications.

43. Defendants deny any false communications. As to the remaining factual allegations of Paragraph 43, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in the paragraph, and accordingly deny each such allegation on that basis.

44. Defendants deny any illegal conduct. As to the remaining factual allegations of Paragraph 44, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in the paragraph, and accordingly deny each such allegation on that basis.

## Count Three

## Tortious Interference with Contractual and Business Relations

45. In response to paragraph 45, Defendants adopt and incorporate herein their responses to Paragraphs 1 –44 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every factual allegation in Paragraph 46, and accordingly deny each such allegation on that basis. As for the remaining allegations of Paragraph 46, these constitute legal conclusions to which no answer is necessary and none is given.

47. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 47, and accordingly deny each such allegation on that basis.

48. Defendants are aware that CAA had business relationships. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every remaining allegation in Paragraph 48, and accordingly deny each such allegation on that basis.

49. Defendants deny each and every allegation of Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 50, and accordingly deny each such allegation on that basis.

51. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 51, and accordingly deny each such allegation on that basis.

52. Defendants deny each and every allegation of Paragraph 52.

53. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 53, and accordingly deny each such allegation on that basis.

54. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 54, and accordingly deny each such allegation on that basis.

55. Defendants deny each and every allegation of Paragraph 55. As for the legal conclusions, no answer is necessary and none is given.

## Count Four

## Unfair Competition

56. In response to paragraph 56, Defendants adopt and incorporate herein their responses to Paragraphs 1 –55 of the Complaint.

57. The allegations of Paragraph 57 constitute legal conclusions to which no answer is necessary and none is given.

58. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of each and every allegation in Paragraph 58, and accordingly deny each such allegation on that basis.

59. Defendants deny each and every allegation of Paragraph 59. As for the legal conclusions, no answer is necessary and none is given.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

60. Defendants deny each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## SECOND DEFENSE

61. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

62. Defendant TDI-Lakota Holdings LLC, since it no longer exists as a limited liability company pursuant to laws of the State of South Dakota, is not responsible or liable for any alleged injury or damages alleged by Plaintiff and should be dismissed or stricken from this matter.

## FOURTH DEFENSE

63.     Defendant David Oz is not personally responsible or liable for any alleged injury or damages caused by TDI-Lakota Holdings LLC.

## FIFTH DEFENSE

64.     Plaintiff has suffered no damages.

WHEREFORE, Defendants pray as follows:

A.  That Plaintiff's Complaint be dismissed with prejudice;

B.  That Defendant's be awarded their costs and expenses of this litigation, including reasonable attorneys' fees; and

C.  That this Court grant Defendants such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        **TDI LAKOTA HOLDINGS, LLC**
        **AND MR. DAVID OZ**

        By their attorneys,

Date: September 8, 2010

/s/ E.S. Marzluf
Eric S. Marzluf, PA No. 39763
Caesar, Rivise, Bernstein,
 Cohen & Pokotilow, Ltd.
1635 Market Street
11th Floor – Seven Penn Center
Philadelphia, PA  19103-2212
Tel: (215) 567-2010
FAX:  (215) 751-1142

## CERTIFICATE OF SERVICE

    I, Eric S. Marzluf, hereby certify that a copy of the foregoing **DEFENDANTS ANSWER TO THE COMPLAINT OF EDWARD A. PHILLIPS AS LIQUIDATING TRUSTEE FOR COMMAND ARMS ACCESSORIES, LLC** was served electronically to all counsel of record registered with the CM/ECF system on September 8, 2010.

                                       /s/ E.S. Marzluf
                                       Eric S. Marzluf