UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. PHILLIPS, AS LIQUIDATING TRUSTEE FOR COMMAND ARMS ACCESSORIES, INC. a Colorado Corporation, | : : : : : | |
| Plaintiff | : : | |
| vs. | : : | |
| TDI LAKOTA HOLDINGS, LLC | : : | Civil Action No. 2:10-cv-782-LDD |
| and | : : | |
| David Oz | : : | |
| Defendants | : : | |

### REPLY TO DEFENDANT'S MOTION TO DISMISS OR STRIKE WITH RESPECT TO TDI LAKOTA HOLDINGS LLC

The Court should deny Defendant's motion to dismiss TDI-Lakota Holdings LLC (TDI-LH) from this lawsuit under Fed. R. Civ. P. 12(b) and (f) because a corporation cannot avoid liability simply by dissolving.

Defendant's Motion is based on the purported fact that TDI-LH was terminated as a domestic limited liability company on July 22, 2010 by the South Dakota Secretary of State following a request from Richard Williamson, owner of majority of interest of TDI-LH.. Defendants claim that the action should be dismissed under Fed. R. Civ. P. 12(b), stating as follows:

> The Court certainly lacks jurisdiction over TDI-LH now that TDI-LH no longer exists as a legal entity.  There is no entity to exercise jurisdiction over.  Under such circumstances the action against TDI-LH should be dismissed.  Moreover, the complaint fails to state a claim in these circumstances because the allegations against TDI-LH are claims for which there is no recourse available now that the existence of TDI-LH has been terminated.

Defendants also claim that TDI should be dismissed under Fed. R. Civ. P. 12(b), stating as follows:

> Under the present circumstances, again, where one of the Defendants, TDI-LH, is no longer a recognized entity and its legal status has been terminated by the Secretary of State, it is submitted that the Court should strike TDI-LH from the pleadings because the continued presence of a non-entity is *immaterial* to the claims and the scope of relief sought by Plaintiff.

In reply, Plaintiff respectfully submits that Defendants have ignored the appropriate wind-up statutes of both Pennsylvania and South Dakota.  Specifically, Title 15 Pa.C.S.A., Part II. Subpart B, Article B, Chapter 19, Subchapter F, § 1979. *Survival of remedies and rights after dissolution,* provides as follows:

> (a) General rule.--The dissolution of a business corporation, either under this subchapter or under Subchapter G (relating to involuntary liquidation and dissolution) or by expiration of its period of duration or otherwise, shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:
>
> . . .
>
>  (2) any other person before or within two years after the date of the dissolution or within the time otherwise limited by this subpart or other provision of law, whichever is less.

Therefore, this Pennsylvania statute provides for a remedy against a dissolved corporation if the action is brought within two (2) years of the dissolution.  In this case, the action was brought before the dissolution.

South Dakota has a similar stature. Title 47, Chapter 47-1A, Part 14, Subpart A, 47-1A-1405. Effect of dissolution, states as follows:

> A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
>
> . . .
>
> (3) Discharging or making provision for discharging its liabilities . . . .

Therefore, according to South Dakota statute, a corporation continues to operate after dissolution to discharge its liabilities.

The statutes in both Pennsylvania and South Dakota specifically indicate that a company cannot eliminate its liabilities merely by dissolving. A dissolved company remains in business for purposes of discharging liabilities incurred for its actions prior to dissolution. Given the fact that this lawsuit was filed prior to the dissolution of TDI-LH, there can be no dispute that TDI-LH must continue to operate to discharge any liability resulting from this lawsuit. Accordingly, this motion should be denied.

Respectfully submitted,

/s/Stephen J. Driscoll
Stephen J. Driscoll, Esquire
PA ID No. 71086
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone: 215-972-8562
Facsimile: 215-972-1835
Email: sdriscoll@saul.com

Dated:  September 28, 2010