IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARDS A. PHILLIPS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TDI LAKOTA HOLDINGS LLC, et al. | : | No. 10-cv-782 |

## ORDER

AND NOW, this 29th day of April, 2011, upon consideration of Defendants TDI Lakota Holdings, LLC and David Oz's Motion to Dismiss (Doc. No. 24), Plaintiff Edward A. Phillips's Response thereto (Doc. No. 26), and Defendants' Reply in support of their motion (Doc. No. 28), it is hereby ORDERED as follows:

1. Defendants' motion is GRANTED. Defendant TDI Lakota Holdings, LLC is dismissed without prejudice from the complaint for lack of capacity under Federal Rule of Civil Procedure 17(b).

2. Plaintiff may amend the complaint consistent with this Order. Any amendment shall be filed on or before Friday, May 20, 2011.

I. BACKGROUND

On February 22, 2010, Plaintiff Edward A. Phillips, as liquidating trustee ("Trustee") for Command Arms Accessories, LLC ("CAA") brought suit against Defendants TDI Lakota Holdings, LLC ("TDI-LH"), a South Dakota limited liability company ("LLC"), and David Oz, an Israeli citizen and resident of Rapid City, South Dakota. The complaint alleged (1) false advertising in violation of the Lanham Act § 43(a), (2) commercial disparagement, (3) tortious interference with contractual and business relations, and (4) unfair competition, all stemming from "Defendants' past, present and anticipated future disparaging misrepresentations as well as

Defendants' diversion of CAA customers and business opportunities." (Compl. at ¶ 1).

Defendants moved to dismiss Defendant TDI-LH from the complaint because, on July 20, 2010, it was terminated as a South Dakota domestic LLC at the request of Richard Williamson, owner of the majority interest in the company. (Doc. No. 24 at 2.) Defendants attached to their motion the Articles of Termination of the LLC, which were signed by Williamson and state the name of the company, the date of dissolution, that the company's business has been wound up, and that the legal existence of the company has been terminated.[1] (Doc. No. 24 at Ex. A.) Defendants argue that because TDI-LH no longer exists as an entity, "the Court [either] lacks jurisdiction over [it] or the Complaint fails to state a claim(s) upon which relief can be granted." (Doc. No. 24 at 3.) Expanding on the first ground, Defendants state that the Court "certainly" lacks jurisdiction over TDI-LH because "[t]here is no entity to exercise jurisdiction over." (Doc. No. 24 at 3.) On the second ground, Defendants aver that the Complaint fails to state a claim "because the allegations against TDI-LH are claims for which there is no recourse available now that the existence of TDI-LH has been terminated." (Doc. No. 24 at 3.)

Plaintiff responds that TDI-LH should not be dismissed because "a dissolved company remains in business for purposes of discharging liabilities incurred for its actions prior to dissolution." (Doc. No. 26 at 3.) Plaintiff cites both Pennsylvania and the South Dakota statutory provisions regarding survival, remedies, and rights after the dissolution of a corporation

---

[1] Because Defendants submitted material external to the pleadings for the Court to consider in ruling on the motion, i.e., the certificate of termination, we granted the parties leave to submit further evidence in support of their respective positions. Neither party submitted any external evidence to aid in the disposition of the motion. Furthermore, because the certificate of termination is a matter of public record, we need not consider this motion as one for summary judgment. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

2

(Pl.'s Resp. at 3 (citing 15 Pa.C.S.A. § 1979; S.D. Codified Laws § 47-1A-1405)), but does not invoke any statutory provisions under either state's LLC act.

In Reply, Defendants argue that the South Dakota Limited Liability Company Act controls on this issue. (Doc. No. 28 at 3.) That statute, Defendants argue, provides that the existence of an LLC is terminated upon filing of the articles of termination, and "[s]ince the articles of termination in the present circumstances were filed and entered by the Secretary of State on July 20, 2010, it is submitted that the existence of TDI-LH has been terminated." (Doc. No. 28 at 4.) Therefore, because the entity no longer exists, Defendants assert that TDI-LH should be dismissed from the action. (Doc. No. 28 at 5.) Defendants' motion is now ripe for disposition.

II.     ANALYSIS

Although Defendants couched their initial motion as one implicating jurisdiction and pleading requirements, this question involves TDI-LH's capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Subparagraph (2) of that Rule prescribes that a corporation's capacity is determined by the law under which the entity was organized—that is, if a corporation is empowered to sue or be sued in its state of organization, it is amendable to suit in federal court. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1561 (3d ed. 2010). While this rule does not explicitly provide that it applies to the LLC form, federal district courts have found that the rule governs LLCs such that the state of an LLC's organization provides the parameters of its capacity. See, e.g., The Herrick Group & Assocs. LLC v. K.J.T., L.P., No. 07-0628, 2009 WL 2596503, *2 (E.D. Pa. Aug 20, 2009); Model Bd., LLC v. Bd. Inst., Inc., No. 08-12700, 2009 WL 691891, *3 (E.D. Mich. Mar. 12,

2009). Accordingly, we resolve this capacity issue as a matter of South Dakota law.[2] As explained below, we find that, under the South Dakota LLC Act, TDI-LH no longer exists as a legal entity and therefore does not have the capacity to be sued. In the interests of justice, Plaintiff is granted leave to amend the complaint consistent with this Order.

    A.    Persuasive Authority under Washington and Delaware State Law

Whether a terminated LLC has the capacity to be sued has not been addressed in the body of South Dakota case law. Therefore, the plain language of the statute and the decisions of other jurisdictions considering similar statutory frameworks channel our decision here. Notably, the Delaware Court of Chancery and the Supreme Court of Washington have both addressed the issue and have determined that an action cannot lie against an entity that has been canceled under their respective state LLC statutes. Metro Comm. Corp. BVI v. Advanced Mobilecomm Tech., Inc., 854 A.2d 121 (Del. Ch. 2004) (Strine, V.C.); Chadwick Farms Owners Ass'n v. FHC, LLC, 207 P.3d 1251 (Wash. 2009).

In Metro Communications, Metro, a minority member of Fidelity Brazil, LLC, brought a

---

[2]Even if Rule 17(b)(2) does not apply to the LLC form, South Dakota law still governs. Rule 17(b)(3)—the catchall provision—states that, "for all other parties," capacity is determined "by the law of the state where the court is located," with two exceptions inapplicable to the present matter. Pennsylvania law, in turn, provides that because statutes that govern a corporation's capacity define whether an entity exists, they must be viewed as substantive, and the law of state of incorporation must control. See Beaumont v. ETL Service Inc., 27 Pa. D. & C. 4th 97, 105 (Pa. Com. Pl. 1995) (stating that no Pennsylvania appellate court has considered the issue, and relying on the Colorado Supreme Court's decision in Casselman v. Denver Transway Corp., 577 P.2d 293, 295 (Colo. 1978), for its holding that the corporate law of Delaware applied). Because LLC statutes similarly define an entity's legal existence, under Pennsylvania choice-of-law provisions, the law of the state of an LLC's organization must also control on the capacity issue. Accordingly, under either provision of Federal Rule 17(b), South Dakota provides the relevant governing law.

4

breach of contract, breach of fiduciary duty, and fraud action against the LLC and other members and managers following a bribery scandal related to investments in the South American telecommunications market. 854 A.2d at 129-30. In beginning its analysis of the breach of contract claim, the Chancery Court noted that "[t]he difficulty Metro faces is that Fidelity Brazil no longer exists—the company was dissolved and its certificate of cancellation was filed . . . ." Id. at 138. The Court stated that "suit generally may be brought by or against a limited liability company only until the certificate of cancellation is filed." Id. (citing 6 Del. C. § 18-803(b)).

Facing this predicament, Metro sought to have Fidelity Brazil's certificate of cancellation nullified on the ground that its affairs were not wound up in compliance with the LLC Act. Id. at 138-39. Relying on a prior Chancery Court opinion granting a request to nullify a limited partnership cancellation, the Court stated that, "because the complaint pleads facts that support the inference that Fidelity Brazil was wound up in contravention of the LLC Act, the complaint also pleads facts that support an application to nullify the certificate of cancellation." Id. at 139 (citing In re CC & F Fox Hill Assocs. Ltd. P'ship, No. 15430, 1997 WL 349236 (Del. Ch. Jun. 13, 1997). Accordingly, although the Court agreed that, absent statutory authority, a claim may not be brought against a canceled LLC, the Court denied Fidelity Brazil's motion to dismiss the claim against it on the grounds that, if Metro was successful in its application to nullify Fidelity Brazil's cancellation, Fidelity Brazil's status as a live LLC would be reinstated. Id. at 138, 140.

In Chadwick Farms, the Supreme Court of Washington confronted a similar issue. The Court consolidated two appeals to specifically address whether an LLC has the capacity to sue or be sued after its certificate of formation was canceled pursuant to provisions in the Washington Limited Liability Company Act (Revised Code of Washington §25.15). Chadwick Farms, 207

5

P.3d 1251. The factual predicate of both cases in the consolidation was nearly identical: condominium associations brought suit for construction defects against LLCs that had been formed to erect the condominiums. In each case, the LLC's certificate of formation had been canceled, in one case prior to—the other, during—the lawsuit. Id. at 184-85.

The Court determined that the defendant LLCs were not subject to suit once they were canceled. Id. at 183. In reaching this conclusion, the Court analyzed the Washington state LLC act, a statute modeled substantially on the Uniform Limited Liability Company Act. Id. at 189 n.2. Under the Washington statute, an LLC can carry on any lawful business or purpose. Id. at 187 (citing Wash. Rev. Code §25.15.030(1)). Unless the Act, the LLC's certificate of formation, or its limited liability company agreement provides otherwise, an LLC has the same powers as an individual to do all things necessary or convenient to carry out its business and affairs. Id. at 187 (citing Wash. Rev. Code §25.15.030(2)). The LLC can dissolve in a number of ways, including (a) the happening of an event specified in the LLC agreement, (b) by consent of the members, (c) through judicial dissolution, and (d) through administrative dissolution by the secretary of state. Id. at 187 (citing Wash. Rev. Code §25.15.270). Dissolution, however, does not terminate the company's existence. Id. at 187. Instead, it begins a phase during which the LLC's business must be "wound up," which involves liquidating assets, paying creditors, and distributing proceeds from liquidation of assets to the members of the company. Id. (citing Wash. Rev. Code §§ 25.15.270(1), .295, .285(4)).

In Washington, after the winding up phase, the LLC's certificate of formation may be canceled either administratively, if the LLC does not seek reinstatement two years after the date of dissolution, or by consent of its members when it files a certificate of cancellation. Id. (citing

Wash. Rev. Code §§ 25.15.285(4), .080, .290(1)). Upon cancellation, "the limited liability company ceases to exist." Id. (citing Wash. Rev. Code §25.15.070(2)(c)).

Like the Delaware Court of Chancery in Metro Communications, the Washington Supreme Court noted that nothing in the statute provided for the survival of a claim after the certificate of cancellation had been filed. Id. at 189. The Court concluded that in both administratively- and member-dissolved LLCs "the critical event is the cancellation of the certificate of formation." Id. at 191. An LLC continues as a separate legal entity "until cancellation of [its] certificate of formation."[3] Id. citing Wash. Rev. Code §25.15.070(2)(c). "[O]nce a limited liability company's certificate of formation is canceled, it no longer exists as an separate legal entity for *any* purpose," which includes suing or being sued. Id. at 194.

Before concluding, the Court turned its attention to the issue of whether the members of a limited liability company may be personally liable for acts or liabilities of the company if they failed to properly wind up the affairs of the company before terminating its existence under the LLC act. Id. at 199-200. The Court found that, under the statute, a member or manager may be personally liable under a theory of "piercing the veil"—i.e., if the LLC form was used to violate or evade a duty and that the LLC form must be disregarded to prevent loss to an innocent party—or if the member is responsible for winding up the affairs of the LLC and does so improperly under the requirements of the statute. Id. at 199-202.

B.  The South Dakota LLC Act

---

[3] An amendment to the statute which provided that dissolution of an LLC does not impair claims against it unless they fall outside three years of the date of dissolution did not affect the Court's analysis. That provision never mentions "cancellation" and therefore does not alter the statutory sections which provide that a LLC maintains its existence as a separate legal entity during dissolution, but only until cancellation. Id. at 193-94.

7

Both the Delaware and Washington courts' holdings provide useful insight into the meaning and structure of the South Dakota LLC Act as applied to the present scenario. Notably, like the Washington Act, South Dakota's LLC statute is modeled after the Uniform Limited Liability Company Act (ULLCA) as drafted by the National Conference of Commissioners on Uniform State Law. 1998 S.D. Sess. Laws 272, S. Bill 218; Patrick G. Goetzinger, Brian K. Kirby & Terrance A. Nemec, The South Dakota Limited Liability Act: The Next Generation Begins, 44 S.D. L. Rev. 207, 215-216 (1999). A provision of the South Dakota act specifically states that, "[t]his chapter shall be applied and construed to effectuate its general purpose and make uniform the law with respect to the subject of this chapter among states enacting it." S.D. Codified Laws § 47-34A-1201.

Not surprisingly, due to their common roots in the ULLCA, the South Dakota and Washington acts have significant similarities. They both provide that a limited liability company has the same powers as an individual to do all things necessary or convenient to carry on its business. Wash. Rev. Code §25.15.030(1); S.D. Codified Laws § 47-34A-112. Under both acts, dissolution of the LLC occurs, and the business must be wound up, on the occurrence of certain events. Wash. Rev. Code §25.15.270; S.D. Codified Laws § 47-34A-801. Both acts provide that the activities of an LLC continue after dissolution "only for the purposes of winding up." Wash. Rev. Code §25.15.295; S.D. Codified Laws § 47-34A-802. Under both statutes, the permissible range of activities in winding up includes, "prosecut[ing] and defend[ing] actions and proceedings." Wash. Rev. Code §25.15.295(1)(a); S.D. Codified Laws § 47-34A-803(c).

Some minor variances, though worth noting, do not make the Washington or Delaware courts' reasoning less applicable. With regard to winding up, the Washington statute contains

8

language the South Dakota act does not. The Washington statute provides that "[u]pon dissolution of a limited liability company and until the filing of a certificate of cancellation . . . the persons winding up the limited liability company's affairs may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits . . . ." Wash. Rev. Code §25.15.295(2). The Delaware statute contains a similar provision. 6 Del. C. § 18-803(b).

The three statutes also contain subtle differences in the manner in which an LLC ends its existence after the winding up period. All three statutes provide that, upon completion of the winding up period, an LLC may file documentation ending its existence. Wash. Rev. Code §25.15.295(1)(a); 6 Del. C. § 18-203; S.D. Codified Laws § 47-34A-803(c). The manner in which the documentation operates under the statutes differs, however. The relevant Washington and Delaware subsections provide that, "a certificate of cancellation" shall be filed to accomplish the "*cancellation of a certificate of formation* upon the dissolution and the completion of winding up of a limited liability company."[4] Wash. Rev. Code §25.15.080 (repealed); 6 Del. C. § 18-203; (emphasis added). The relevant provision of the South Dakota statute, however, does not ground its operative effect on the cancellation of the initial certificate of formation, rather the act provides that "a limited liability company may terminate its existence by filing with the secretary of state articles of termination." S.D. Codified Laws § 47-34A-805(a). A separate subsection provides, "the existence of a limited liability company is terminated upon the filing of the articles of termination, or upon a later effective date, if specified

---

[4]This section of the Washington LLC Act was repealed by the state legislature shortly after the Supreme Court of Washington's opinion in <u>Chadwick Farms</u>. 2010 Wash. c 196 § 14.

in the articles of termination. S.D. Codified Laws § 47-34A-805(b).

Despite the minor variances between the relevant sections of the statutes, we see no reason that they should be interpreted differently on this issue. Like the Washington and Delaware acts, the South Dakota statute explicitly provides that an individual may prosecute and defend action and proceedings during the winding up stage. Also similar to Washington and Delaware, a South Dakota LLC may file documentation that ends the existence of the company. We fail to see any functional difference between filing a certificate of cancellation in Washington and Delaware and filing articles of termination in South Dakota. As was the case in Washington and Delaware, a South Dakota LLC may prosecute and defend suits during the winding up period, but nothing in the South Dakota LLC statute provides the company with these powers once its termination documentation has been filed. If prosecuting and defending actions were permissible activities after the termination of the company, it would vitiate the legal distinction between dissolution and termination, which is an impermissible construction given the requirement that, in interpreting the statute, "we must give effect to every word of [it] wherever possible." Leocal v. Ashcroft, 543 U.S. 1, 12 (2004). Accordingly, we find that, like its Delaware and Washington counterparts, an LLC in South Dakota may sue and defend upon dissolution and through the winding up period. Once terminated, however, it ceases to exist for any reason—including prosecuting and defending suit. An apparition, be it a vestige of the human body, or the corporate, simply cannot be haled into court. Accordingly we resolve this motion in favor of Defendant and dismiss it from the action.

III. CONCLUSION

Both the Delaware Court of Chancery and the Washington Supreme Court clearly held

that an action cannot lie against an LLC that ceases to exist under their respective state statutes. We find the same to be true in South Dakota.

Although the Delaware and Washington Courts reached the same conclusion on this issue, they differed in the recourse they provided. In Metro, the Chancery Court declined to dismiss the Defendant and instead held that the Plaintiff had sufficiently applied to nullify the certificate of cancellation, and there was authority for such an action under Delaware law. In Chadwick Farms, the Supreme Court of Washington dismissed the Defendant, but held that it was proper for the district court to grant Plaintiff leave to amend the complaint under theory of improper winding up, rendering the individuals rather than the terminated LLC liable. See *supra* at 4. Plaintiff in the present case has not moved for nullification. It is not clear that in South Dakota such recourse is even available—nothing in the state's body of law instructs whether a terminated South Dakota LLC may be revived, be it voluntarily or involuntarily. Accordingly, consistent with the Washington Supreme Court's holding, we grant Plaintiff leave to amend the complaint. We take occasion to note that idea of a legal entity simply folding up shop to escape liability is a concept repugnant to the basic tenets of corporate law. We find it particularly troubling that the LLC's termination decision in this case was voluntarily made while the lawsuit against it was pending. Despite our concern, this is an option the South Dakota statute seems to permit. Accordingly, Defendant TDI-LH is dismissed from the action. Plaintiff is granted leave to amend the complaint until Friday, May 20, 2011.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.